1 | Shalem Shem-Tov (SBN 257243)
NETZAH & SHEM-TOV, INC.
2 | 15303 Ventura Blvd., 9th Floor
Sherman Oaks, CA 91403
3 | Telephone:     (818) 995-4200
Facsimile:     (818) 783-6775
4 | Email:          shalem@netshemlaw.com

5 | Attorneys for Plaintiffs
MARIA VAQUERANO; JIMMY
6 | VAQUERANO and NORMA RIVAS

7

8 | UNITED STATES BANKRUPTCY COURT

9 | CENTRAL DISCTRICT OF CALIFORNIA

10 | LOS ANGELES DIVISION

11

12 | In re:                                          **BK Case No.: 2:19-bk-12152-NB**

13 | VERA PHARMA SIEGERT; ELKIN          Chapter 7
OCHOA SIEGERT, SR.

14 |                    Debtors

15 | _____

16 | MARIA VAQUERANO; JIMMY              **ADVERSARY PROCEEDING**
VAQUERANO; NORMA RIVAS,
17 |                                                   **Adv. Case No.:**
                     Plaintiffs,
18 |                                                   **COMPLAINT TO DETERMINE THE**
          v.                                          **DISCHARGEABILITY OF A DEBT**
19 |                                                   **PURSUANT TO 11 U.S.C. §§ 523(a)(2)(A)**
VERA PHARMA SIEGERT; ELKIN          **AND 523(a)(6)**
20 | OCHOA SIEGERT, SR.,

21 |                    Defendants.

22

23 |          Plaintiffs, MARIA VAQUERANO; JIMMY VAQUERANO; and NORMA RIVAS

24 | (hereinafter "Plaintiffs"), file this Complaint to Determine the Dischargeability of a Debt Pursuant

25 | to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6) against the Debtors, VERA PHARMA SIEGERT and

26 | ELKIN OCHOA SIEGERT, SR. (hereinafter "Defendants"), and aver as follows:

27 | //

28

*(Left margin, vertical text:)* NETZAH & SHEM-TOV, INC.
15303 Ventura Blvd., 9th Floor – Sherman Oaks, CA 91403
(818) 995-4200 – (818) 783-6775 FAX

- 1 -

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

NETZAH & SHEM-TOV, INC.
15303 Ventura Blvd., 9ᵗʰ Floor – Sherman Oaks, CA 91403
(818) 995-4200 – (818) 783-6775 FAX

## CORE PROCEEDING

1.    This adversary proceeding relates to the bankruptcy commenced under Chapter 7 entitled *In re Vera Pharma Siegert and Elkin Ochoa Siegert, Sr.*, U.S. Bankruptcy Court, Central District of California, Los Angeles Division, Case No. 2:19-bk-12152-NB; seeks to determine the dischargeability of a debt of debtors/defendants, Vera Pharma Siegert and Elkin Ochoa Siegert, Sr.; and is a core proceeding under 28 U.S.C. §157(b)(2)(A), (I), and (O).

## SUBJECT MATTER JURISDICTION

2.    This Court has subject matter jurisdiction over this adversary case in bankruptcy pursuant to 28 U.S.C. §§ 1334(a) and 157(b)(1), as well as 11 U.S.C. §523 because this is a core proceeding to determine the dischargeability of a particular scheduled debt of Defendants.

## VENUE

3.    Venue is proper in the Central District of California under 28 U.S.C. §1408.  The Los Angeles Division is proper because Defendants filed their bankruptcy petition herein.

## THE PARTIES

4.    Defendants filed a Chapter 7 bankruptcy petition on February 28, 2019.  The Chapter 7 Trustee is Brad D Krasnoff.  The Defendants, as debtors, are represented by Christopher S. Reyes.

5.    Plaintiffs are all individuals, over the age of 18, residing within this District.

## STATE COURT LITIGATION

6.    On January 3, 2017, Plaintiffs filed suit against Defendants, and others, in the Superior Court of California, County of Los Angeles, Case No. PC057500, (the "State Case,") asserting causes of action for ***.

7.    All the defendants in the State Case, including Defendants herein, appeared in that case and were represented by counsel.  However, due to numerous discovery violations, terminating sanctions were issued against all defendants, in the form of striking their respective Answers, and

- 2 -

their defaults were entered.

8.   Subsequently, default judgment was entered as to all defendants, including Defendants herein, on May 1, 2018 in the amount of $883,858.25.   This judgment included punitive damages in the amount of $400,000.  A true and correct copy of the entered judgment is attached hereto as **Exhibit "A"**.

9.   In entering such judgment, the State Court entered a Statement of Decision, making certain findings of fact and conclusions of law, all of which are incorporated herein by this reference.  A true and correct copy of the Statement of Decision entered in the State Case is attached hereto as **Exhibit "B"**.  The State Court found, "by clear and convincing evidence, that all Defendants perpetrated a fraud on all Plaintiffs.  The court finds that the Defendants' conduct, as herein described, was malicious, fraudulent and/or oppressive…."  (Exhibit "B", p. 10:15-16.)

10. Plaintiffs bring this adversary proceeding for the purpose of determining that Defendants' debt to Plaintiffs result from fraud, breach of fiduciary duty, and intentional wrongdoing that make such debt non-dischargeable under 11 U.S.C. §§ 253(a)(2)(A) and 523(a)(6).

## FIRST CLAIM FOR RELIEF

## NON-DISCHARGEABILITY OF DEBT

### [11 U.S.C. §523(a)(2)(A)]

11. Plaintiffs fully incorporate all preceding paragraphs by this reference.

12. Pursuant to 11 U.S.C. §523(a)(2)(A), a discharge under Section 727 does not discharge a debtor from any debt for money obtained by false pretenses, a false representation, or actual fraud.

13. As has already been adjudicated in the State Case, Defendants herein were found to have obtained money from Plaintiffs herein by false pretenses, false representations and actual fraud.

14. Accordingly, pursuant to 11 U.S.C. §523(a)(2)(A), Defendants are not entitled to a discharge of Plaintiffs' judgment in the amount of $883,858.25, plus post-judgment interest, costs,

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

NETZAH & SHEM-TOV, INC.
15303 Ventura Blvd., 9th Floor – Sherman Oaks, CA 91403
(818) 995-4200 – (818) 783-6775 FAX

and attorney fees herein.

### THIRD CLAIM FOR RELIEF

### NON-DISCHARGEABILITY OF DEBT

### [11 U.S.C. §523(a)(6)]

15. Plaintiffs fully incorporate all preceding Paragraphs by this reference.

16. Pursuant to 11 U.S.C. §523(a)(6), a discharge under Section 727 does not discharge a
debtor from any debt for willful and malicious injury by the debtor to another person or the
property of another person.

17. As has already been adjudicated in the State Case, Defendants herein were found to have
acted maliciously as against Plaintiffs.

18. Accordingly, pursuant to 11 U.S.C. §523(a)(6), Defendants are not entitled to a discharge
of Plaintiffs' claims against them in the amount of $883,858.25, plus post-judgment interest, costs,
and attorney fees herein.

### PRAYER FOR RELIEF

1.  That the Court order, adjudge and decree that Plaintiffs' claims against Defendants in the
    amount of $883,858.25, plus post-judgment interest, is not dischargeable pursuant to 11
    U.S.C. §523(a)(2)(A);

2.  That the Court order, adjudge and decree that Plaintiffs' claims against Defendants in the
    amount of $883,858.25, plus post-judgment interest, is not dischargeable pursuant to 11
    U.S.C. §523(a)(6);

3.  For costs of suit herein;

4.  For attorney fees herein;

5.  For all other relief the Court deems just and proper.

NETZAH & SHEM-TOV, INC.
15303 Ventura Blvd., 9th Floor – Sherman Oaks, CA 91403
(818) 995-4200 – (818) 783-6775 FAX

- 4 -

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

1  **Dated:  April 8, 2019**                    NETZAH & SHEM-TOV, INC.

2

3                                              By: _____

4                                                  Shalem Shem-Tov
                                                   Attorneys for Plaintiffs
5                                                  MARIA VAQUERANO; JIMMY
                                                   VAQUERANO and NORMA RIVAS

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

NETZAH & SHEM-TOV, INC.
15303 Ventura Blvd., 9th Floor – Sherman Oaks, CA 91403
(818) 995-4200 – (818) 783-6775 FAX

# EXHIBIT

## "A"

**JUD-100**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
Lenny Janner, Esq./Jankielewicz & Sons, Inc. (SBN 143002)
15303 Ventura Blvd. 9th Floor
Sherman Oaks, California 91403
TELEPHONE NO.: (818) 321-6042    FAX NO. (Optional): (818) 279-0990
E-MAIL ADDRESS (Optional): LJanner@Janandsons.com
ATTORNEY FOR (Name): Plaintiffs

FOR COURT USE ONLY

RECEIVED
Superior Court of California
County of Los Angeles

APR 26 2018

Sherri R. Carter, Executive Officer/Clerk

FILED
Superior Court of California
County of Los Angeles

MAY 01 2018

Sherri R. Carter, Executive Officer/Clerk
Linda Keating, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 9425 Penfield Avenue
MAILING ADDRESS: 9425 Penfield Avenue
CITY AND ZIP CODE: Chatsworth, California 91311
BRANCH NAME: Chatsworth

PLAINTIFF: Maria Vaquerano, Jimmy Vaquerano, Norma Rivas

DEFENDANT: Vera Siegert, Elkin Siegert, Vera Castellanos

| JUDGMENT | CASE NUMBER: |
|---|---|
| ☐ By Clerk  ✓ By Default  ☐ After Court Trial  ☐ By Court  ☐ On Stipulation  ☐ Defendant Did Not Appear at Trial | PC057500 |

**JUDGMENT**

1. ✓ **BY DEFAULT**
    a. Defendant was properly served with a copy of the summons and complaint.
    b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
    c. Defendant's default was entered by the clerk upon plaintiff's application.
    d. ☐ **Clerk's Judgment** (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.
    e. ✓ **Court Judgment** (Code Civ. Proc., § 585(b)). The court considered
        (1) ✓ plaintiff's testimony and other evidence.
        (2) ☐ plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. ☐ **ON STIPULATION**
    a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and
    b. ☐ the signed written stipulation was filed in the case.
    c. ☐ the stipulation was stated in open court ☐ the stipulation was stated on the record.

3. ☐ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
    a. The case was tried on (date and time):
       before (name of judicial officer):
    b. Appearances by:
       ☐ Plaintiff (name each):          ☐ Plaintiff's attorney (name each):
          (1)                                (1)
          (2)                                (2)
          ☐ Continued on Attachment 3b.

       ☐ Defendant (name each):          ☐ Defendant's attorney (name each):
          (1)                                (1)
          (2)                                (2)
          ☐ Continued on Attachment 3b.

    c. ☐ Defendant did not appear at trial. Defendant was properly served with notice of trial.

    d. ☐ A statement of decision (Code Civ. Proc., § 632) ☐ was not ✓ was requested.

Page 1 of 2

| PLAINTIFF: Maria Vaquerano, Jimmy Vaquerano, Norma Rivas | CASE NUMBER: |
|---|---|
| DEFENDANT: Vera Siegert, Elkin Siegert, Vera Castellanos | PC057500 |

| JUDGMENT IS ENTERED AS FOLLOWS BY: | ✓ THE COURT | ☐ THE CLERK |
|---|---|---|

4. ☐ **Stipulated Judgment.** Judgment is entered according to the stipulation of the parties.

5. **Parties.** Judgment is

   a. ☑ for plaintiff (name each):
      Maria Vaquerano, Jimmy Vaquerano, Norma Rivas

      and against defendant (names):
      Vera Siegert, Elkin Siegert, Vera Castellanos

      ☐ Continued on Attachment 5a.

   b. ☐ for defendant (name each):

   c. ☐ for cross-complainant (name each):

      and against cross-defendant (name each):

      ☐ Continued on Attachment 5c.

   d. ☐ for cross-defendant (name each):

6. **Amount.**

   a. ☑ Defendant named in item 5a above must pay plaintiff on the complaint:

   c. ☐ Cross-defendant named in item 5c above must pay cross-complainant on the cross-complaint:

| (1) | ☑ | Damages | $ 70,564.00 |
|---|---|---|---|
| (2) | ☑ | Prejudgment interest at the annual rate of 10 % | $ 22,674.09 |
| (3) | ☑ | Attorney fees | $ 389,148.81 |
| (4) | ☑ | Costs | $ 1,471.35 |
| (5) | ☑ | Other (specify): Punitive Damages | $ 400,000.00 |
| (6) | | **TOTAL** | $ 883,858.25 ✓ |

| (1) | ☐ | Damages | $ |
|---|---|---|---|
| (2) | ☐ | Prejudgment interest at the annual rate of % | $ |
| (3) | ☐ | Attorney fees | $ |
| (4) | ☐ | Costs | $ |
| (5) | ☐ | Other (specify): | $ |
| (6) | | **TOTAL** | $ |

   b. ☐ Plaintiff to receive nothing from defendant named in item 5b.
      ☐ Defendant named in item 5b to recover costs $
         ☐ and attorney fees $

   d. ☐ Cross-complainant to receive nothing from cross-defendant named in item 5d.
      ☐ Cross-defendant named in item 5d to recover costs $
         ☐ and attorney fees $

7. ☐ Other (specify):

Date: 5-1-2018

☐ _Melvin D. Sandvig_
JUDICIAL OFFICER **Melvin D. Sandvig**

Date: _____ ☐ Clerk, by _____, Deputy

| (SEAL) | **CLERK'S CERTIFICATE** (Optional) |
|---|---|
| | I certify that this is a true copy of the original judgment on file in the court. |
| | Date: |
| | Clerk, by _____, Deputy |

JUD-100 [New January 1, 2002]                    **JUDGMENT**                    Page 2 of 2

## PROOF OF SERVICE
*Vaquerano v Siegert, et al*
**Los Angeles Superior Court, Case No. PC057500**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action; my business address is 15303 Ventura Blvd. 9th Floor Sherman Oaks, California 91403.

I served on the parties of record in this action the foregoing document described as: **JUDGMENT** by placing the _____ original   xx   true copies thereof enclosed in sealed envelopes addressed as follows:

Christopher Reyes, Esq.
ABA Family Law Group
8201 Foothill Blvd.
Sunland, California 91040-2807
Attorney for Vera Siegert

Elkin Siegert
345 Pioneer Drive Unit 902W
Glendale, California 91203

Vera Castellanos
9620 Alene Drive
Tujunga, California 91402

[X]   **BY MAIL:** as follows: I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Encino, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed this day, **April 25, 2018**, in Sherman Oaks, California.

[X]   **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]   **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Lenny Janner, Esq

310-0011

- 1 -

# EXHIBIT "B"

1  Lenny Janner, Esq. (SBN 143002)
   JANKIELEWICZ & SONS
2  16601 Ventura Blvd. Suite 400
   Encino, California 91436
3  Telephone: (818) 321-6042
   Email: LJanner@Janandsons.com
4  Fax: (818) 279-0990

5  Attorneys for Plaintiffs Maria Vaquerano,
   Jaime Vaquerano and Norma Rivas
6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF LOS ANGELES

10

11  MARIA VAQUERANO, JIMMY            Case No. PC057500
    "JAIME" VAQUERANO, NORMA          Dept F47—Honorable Melvin Sandvig
12  RIVAS

13              Plaintiffs,           [~~Proposed~~] STATEMENT OF
                                      DECISION/FINDINGS OF LAW AND
14        vs.                         FACTS

15

16  VERA SIEGERT, an individual, VERA
    CASTELLANOS, an individual, ELKIN
17  SIEGERT, an individual, MARIA
    ITALIA CREAMER, an individual,
18  ALAN HILLERMAN, an individual, and
    POWER BROKERS
19  INTERNATIONAL, INC., a California
    Corporation, and DOES 1 through 25,
20  inclusive,

21              Defendants.

22  **TO ALL PARTIES HEREIN AND THEIR RESPECTIVE COUNSEL OF RECORD:**

23
           Defaults were entered against Defendants Vera Siegert, Vera Castellanos and Elkin Siegert
24
    on December 18, 2017.
25
           After several continuances, an in-court default prove-up hearing was conducted on April
26
    19, 2018, in Department F47 of the above captioned court.
27
           Presiding over the matter was the Honorable Melvin Sandvig.
28
                                      - 1 -

           STATEMENT OF DECISION; FINDINGS OF LAW AND FACT

1        Plaintiffs Maria Vaquerano, Jimmy "Jaime" Vaquerano and Norma Rivas were in

2 attendance. Also attending the hearing was their attorney of record, Lenny Janner Esq., of

3 Jankielewicz & Sons. Also in attendance and providing translation services was Luisa Beristain,

4 Esq.

5

6        There was an appearance by counsel for Vera Siegert. However, given the default entered

7 against her, as well as the other defendants, he was not permitted to participate in the hearing,

8 although he remained as an observer throughout.

9

10

11                                 **Procedural**

12        The complaint was amended to reflect the proper legal name of Plaintiff Jimmy "Jaime"

13 Vaquerano. The complaint was further amended to include a claim for an additional $2,000

14 payment by Maria Vaquerano, to the Defendants. (See **Exhibit "M"**).

15        Pursuant to California Code of Civil Procedure Section 1987, Plaintiffs had demanded the

16 attendance of Defendants Vera Siegert, Vera Castellanos, and Elkin Siegert, with production of

17 financial records/documents. No objections to these demands were ever lodged or served. The

18 above referenced attorney confirmed that he was not producing any documents, of any kind, in

19 response to these demands.

20

21

22                                **Findings of Fact**

23 <u>Maria Vaquerano</u>

24        Plaintiff Maria Vaquerano was born on November 23, 1944. She had a long standing

25 friendship with Vera Castellanos, for whom she worked as a nanny for approximately 8 years.

26 Vera Castellanos, in turn, introduced Maria Vaquerano to Vera Siegert. Maria Vaquerano knew

27

28

STATEMENT OF DECISION; FINDINGS OF LAW AND FACT

1  and trusted both ladies for many years, and on at least one occasion, had them prepare her tax

2  returns at a tax preparation service in Burbank, California.

3

4    As Maria Vaquerano approached retirement, she had saved a small and modest nest egg,

5  which she intended to use for the purchase of a small mobile home.

6    Upon learning of Maria Vaquerano's life savings, Vera Castellanos and Vera Siegert, along

7  with Elkin Siegert, began to devise a plan wherein they could defraud Maria Vaquerano of her

8  savings. Over the course of time, both Vera Castellanos and Vera Siegert claimed that Vera

9  Siegert graduated from U.S.C. law school, and was a government attorney who worked in the

10 Immigration Section of the United States Federal government. Vera Castellanos claimed that she

11 was Vera Siegert's legal secretary. [1]

12

13   Both Vera Siegert and Vera Castellanos claimed that, by virtue of Vera Siegert's

14 employment as an attorney with the United States Federal government, Vera Siegert had access to

15 "extra" passports and visas, which could be bought directly from the U.S. government, and sold

16 for a profit to third party individuals from countries like India, Philippines and China. On at least

17 one occasion, Vera Siegert showed Maria Vaquerano a shopping bag filled with 15 to 20

18 passports/visas.

19

20   The contractual terms and profit rations varied from contract to contract, but typically the

21 "profit" promised was 30% of the investment by Plaintiff, payable within 3 to 6 months.

22   After selling the passports/visas for a profit, these "profits" could then be used to purchase

23 high end properties sold thru Power Brokers International, a prestigious Beverly Hills real estate

24 firm that sold properties in many cities, including Los Angeles and Hawaii. (See **Exhibit "O"**).

25 Vera Siegert represented herself as a licensed real estate agent, and further advised that her

26

27 [1] The court took judicial notice of a printout from the California State Bar, confirming that Vera Siegert was not, and
has never been an attorney. (See **Exhibit "Z"**).

28

STATEMENT OF DECISION; FINDINGS OF LAW AND FACT

1    husband, Elkin Siegert, was an broker who worked for PowerBrokers International, and who could

2    assist in the purchase of high end real estate. At the time of this representation, although Elkin

3    Siegert was a licensed real estate agent, Vera Siegert was not, having previously lost her license

4    thru the California Department of Real Estate. (See **Exhibit "N"**).

5

6    On at least one occasion, Maria Vaquerano was provided Elkin Siegert's business card

7    with Power Brokers International. (See **Exhibit "A"**). Additionally, and as part of the Defendants'

8    joint scheme to defraud, Vera Siegert accessed Elkin Siegert's computer account thru Power

9    Brokers International, and showed Maria Vaqueranos high end properties valued in the $300,000

10   to $500,000 range. Vera Siegert also showed paper printouts of real estate listings, originating

11   from Power Brokers International. Maria Vaquerano testified that she would not be able to

12   otherwise afford these homes, but reasonably relied on these statements made by Defendants, in

13   agreeing to give the Defendants, via multiple contracts, an aggregate sum of **$16,000**, as part of

14   their "investment scheme." (See **Exhibits "B," "C," "D," "G," "H," "I,"** and **"M."**) Her reliance

15   was based, in part on the long standing friendship she had with the Defendants, the fact that they

16   had previously prepared her tax returns, and further on the fact that prior loans had been made to

17   Defendants, in 2010 to 2013), with full payback.

18

19   Each of the above referenced "contracts" envisioned a payback date, typically 3 to 6

20   months from the time Maria Vaquerano tendered the funds, and in varying degrees, each of the

21   contracts promised "profits" on average of 30%, based upon the price of the passports/visa sold to

22   third party immigrants.

23

24   Accordingly, Maria Vaquerano is not only entitled to a refund of her principal payout of

25   **$16,000**, she is also entitled to an award of the promised "profits" of **$4,800**. Additionally, given

26   her entitlement to double damages under the Welfare & Institutions Code Sections 15610 et seq.,

27   as well as Probate Code Section 859, Maria Vaquerano's compensatory claim is increased by a

28

- 4 -

STATEMENT OF DECISION; FINDINGS OF LAW AND FACT

factor of **$20,800,** [2 x ($16,000 + $4,800)]**,** for an aggregate compensatory damage award of

**$41,600**.

Maria Vaquerano testified that she had not received any funds back from any of the

Defendants.

Norma Rivas

Plaintiff Norma Rivas was introduced to Vera Siegert and Vera Castellanos, thru her long

time friend, Plaintiff Maria Vaqueranos. Like Plaintiff Maria Vaqueranos, Norma Rivas had been

saving a nest egg, for many years, and intended to use it for the purchase of a modest mobile

home, in which she could spend her golden years.

Upon learning of Norma Riva's nest egg, the Defendants reiterated the same fraudulent

statements, telling Norma Rivas the same thing they had told Maria Vaquerano. Specifically, that

Vera Siegert was a government attorney with access to "extra" passports/visas, which could be

sold for a profit to third party immigrants from China, India and the Philippines. The promised

profit varied from one contract to the next, but Defendants generally promised a 30% return on the

principal investment.

Defendants further told Norma Rivas that the "profits" could be used to purchase high end

real estate, thru Elkin Siegert's real estate agency, Power Brokers International. Indeed, on at least

one occasion, Vera Siegert advised of the availability of a condominium in the San Francisco area.

At one point in time, Vera Siegert became aware of Norma Riva's past divorce judgment

against her ex husband, who took up residence in Texas. In furtherance of Vera Siegert's false

claims that she was an attorney, she called Norma Rivas several times, claiming that she was in

Texas, and upon receipt of $2,000, would be able to execute on the judgment, and get all monies

owed to Norma Rivas, under this divorce judgment.

- 5 -

STATEMENT OF DECISION; FINDINGS OF LAW AND FACT

In additional furtherance of the Defendants' investment scheme, and upon learning that Norma Riva's sister was in the Honduras, Vera Siegert offered to "sell" a visa/passport to Norma's sister.

Norma Rivas reasonably relied on the Defendants statements, and tendered an aggregate of **$14,000** to them. (See **Exhibits "J" and "L"**). She is also owed the lost "profits" of **$4,200**, for a compensatory damage award of **$18,200**.

Norma Rivas has not received a refund of any of these monies.

Jimmy "Jaime" Vaquerano

In addition to drawing her friend Norma Rivas into this matter, Maria Vaquerano also brought her son, Jimmy "Jaime" Vaquerano into it as well.

The Defendants had known Jimmy "Jaime" Vaquerano since he was 5 years old.

Jimmy "Jaime" Vaquerano was presented with the same fraudulent scheme that was conveyed by the Defendants to Maria Vaquerano and Norma Vaquerano. Specifically, that Vera Siegert graduated from U.S.C. law school, and was a government attorney with access to "extra" passports/visas, which could be sold for a profit to third party immigrants from China, India and the Philippines. The promised profits varied from one contract to the next, but Defendants generally promised a 30% return on the investment. Defendants further told Jimmy "Jaime" Vaquerano that these "profits" could be used to purchase high end real estate, thru Elkin Siegert's real estate agency, Power Brokers International. At the time, Jimmy "Jaime" Vaquerano was interested in assisting his mother, Maria Vaquerano, in purchasing a retirement home, and reasonably relying on the Defendants' statements and presentations, agreed to give them a sum total of $10,000. (See **Exhibits "E," "F" and "K"** )

- 6 -

Overlooking the fact that a refund check bounced, Jimmy "Jaime" Vaquerano ultimately did receive some money back, totaling $1,720. Accordingly, he is owed a refund of the principal payout totaling **$8,280**, plus the lost "profits" totaling **$2,484**, for a total compensatory damage award of **$10,764**.

### Financial Assets of Defendants

The court received and accepted the following items/testimony as evidence of Defendants' wealth;

a) Exhibit "T" This set of documents confirmed Vera Castellanos title ownership of a home, located at 9620 Alene Drive Tujunga, California 91042, worth $793,520. Maria Vaquerano testified that this was Vera Castellanos' home; a location where she had previously provided nanny services to the Castellano family.

b) Exhibit "U" This set of documents confirmed Elkin and Vera Siegert's title ownership of a home located at 345 Pioneer Drive #902 W Glendale, California 90142, worth $699,070.

c) Exhibit "P" This was a picture, taken in 2016, showing Vera Siegert seated on the hood of her brand new Mercedes Benz. Maria Vaquerano testified that Vera Siegert had purchased a brand new Mercedes Benz, in the approximate timeframe of this picture. This car was presumably purchased with funds Defendants stole from Plaintiffs.

d) Exhibit "Q" These were photocopies of sections of Vera Siegerts' passport, showing multiple travels to Mexico, Columbia, El Salvador. These were produced by Defendants in discovery.

e) Plaintiffs testified that Vera Siegert had repeatedly advised them of ownership of multiple properties in Mexico, Columbia and El Salvador. These properties were jointly owned with Elkin Siegert.

f) Exhibit "R" This was an email from Vera Siegert's attorney, confirming that she was out of the country in October/November 2017.

STATEMENT OF DECISION; FINDINGS OF LAW AND FACT

g) Exhibit "S" These were emails from Vera Siegert's attorney, confirming that Vera Siegert had, at least $38,000 available to pay Plaintiffs, to settle at least the compensatory portion of Plaintiff's damages. These were offered to show that Defendants had at least this amount in liquid assets.

## Findings of Law

In regards to Plaintiff Maria Vaquerano, the court finds that, at the time of the above referenced contracts, she was an elder, as that term is defined under California Welfare & Institutions Code Section 15610.27. The court further finds that Defendants, in their conduct relative to Maria Vaquerano, committed financial abuse of an elder, as that term is defined under California Welfare & Institutions Code Section 15610.30. The court further finds, by a preponderance of the evidence, that Defendants Elkin Siegert, Vera Siegert and Vera Castellanos, shall be liable to Plaintiff Maria Vaquerano, for all reasonable attorney fees and costs. Further, and pursuant to California Probate Code Section 859, the court finds that the Defendants acted in bad faith, and that the Defendants used undue influence over Maria Vaquerano, and therefore that all Defendants are liable for 2 times the amount of property taken from Plaintiff Maria Vaquerano.

In regards to all Plaintiffs, the court finds that they have met their burden on all aspects of their complaint. Plaintiffs entered into what they believed to be a contract with Defendants, and reasonably relied on Defendants' statements and presentations. Plaintiffs tendered relatively large sums of money to Defendants, and Defendants neither performed, nor refunded the full amounts owed. Defendants made a series of false representations, with the intention of having Plaintiffs tender said monies. At the time of these false representations, Defendants knew them to be false and knew that Plaintiffs would rely on said statements. The statements made by Defendants were made with the intention of misleading Plaintiffs into tendering the monies.

- 8 -

STATEMENT OF DECISION; FINDINGS OF LAW AND FACT

**Damages**

Breach of Contract Claims/Compensatory Damages

Maria Vaquerano:

| | |
|---|---|
| Compensatory Damages-Principal: | $16,000.00 |
| Compensatory Damages-Promised Profits | $ 4,800.00 |
| Probate Code 859 2x Multiplier: ($16,000.00 + $4,800)) | $20,800.00 |
| | $41,600.00 |

Norma Rivas

| | |
|---|---|
| Compensatory Damages-Principal: | $14,000.00 |
| Compensatory Damages—Promised Profits | $ 4,200.00 |
| | $18,200.00 |

Jimmy "Jaime" Vaquerano

| | |
|---|---|
| Compensatory Damages-Principal: | $8,280.00 |
| Compensatory Damages—Promised Profits | $2,484.00 |
| | $10,764.00 |

| | |
|---|---|
| TOTAL COMPENSATORY DAMAGES | $70,564.00 |

Pre-Judgment Interest

| | |
|---|---|
| 1173 days x $19.33 per day | $22,674.09 |

- 9 -

STATEMENT OF DECISION; FINDINGS OF LAW AND FACT

<u>Litigation Costs</u>

| | |
|---|---|
| Appearance Fee | $435.00 |
| Posting of Jury Fees | $150.00 |
| Non-appearance fee for deposition of Elkin Siegert  10/27/17 | $264.40 |
| Non-appearance fee for deposition of Vera Castellanos 11/2/17 | $262.45 |
| Non-appearance fee for deposition of Vera Siegert 11/10/17 | $260.50 |
| Parking fees for court appearances 6/2, 10/11, 11/16, 12/18, 4/19/18 | $ 49.00 |
| Photocopying (estimated) | $ 50.00 |
| Postage (estimated) | $ 25.00 |

TOTAL COSTS $1,471.35

<u>Punitive Damages</u>

The court finds, by clear and convincing evidence, that all Defendants perpetrated a fraud on all Plaintiffs. The court finds that the Defendants' conduct, as herein described, was malicious, fraudulent and/or oppressive, as those terms are defined in California Civil Code Section 3294. Defendants made a series of statements they knew to be false, intending for Plaintiffs to rely on these statements, to their own detriment. The Plaintiffs did, in fact, reasonably rely on these statements, to their own detriment, causing them to sustain monetary damages. The court has considered and accepted the proffered evidence of Defendants' financial assets, and awards punitive damages, against them as follows:

| | |
|---|---|
| Vera Siegert: | $200,000.00 |
| Vera Castellanos | $100,000.00 |
| Elkin Siegert | $100,000.00 |

TOTAL PUNITIVE DAMAGES $400,000.00

- 10 -

1

2    SUB-TOTAL DAMAGES

3                                                                          $494,709.44

4

5                              Attorney Fees

6    40% Contingency x Gross Recovery of $494,709.44              $197,883.78

7    Lodestar Multiplier x2                                       $197,883.78

8                              Total Gross Attorney Fees          $395,767.56

9    Payment by Defense counsel for court ordered sanctions/disc motions:   ($6,618.75)

10                      TOTAL NET ATTORNEY FEES                   $389,148.81

11

12

13

14                      **TOTAL JUDGMENT**                       **$883,858.25**

15

16

17

18   ___5-1-2018___        _____
19   Date                  Honorable Melvin Sandvig, Judge of Superior Court

20

21

22

23

24

25

26

27

28

- 11 -

STATEMENT OF DECISION; FINDINGS OF LAW AND FACT

1

2

### PROOF OF SERVICE
*Vaquerano v Siegert, et al*
**Los Angeles Superior Court, Case No. PC057500**

3

4

   I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and am not a party to the within action; my business address is 16601 Ventura Blvd. Suite 400 Encino, California 91436.

5

6

7

I served on the parties of record in this action the foregoing document described as:
**STATEMENT OF DECISION; FINDING OF LAW AND FACTS** by placing the ____
original   xx   true copies thereof enclosed in sealed envelopes addressed as follows:

8

9

Elkin Siegert
345 Pioneer Drive Unit 902W
Glendale, California 91203

10

11

Vera Castellanos
9620 Alene Drive
Tujunga, California 91402

12

13

14

Christopher Reyes, Esq.
ABA Family Law Group
8201 Foothill Blvd.
Sunland, California 91040-2807

15

16

17

18

[X]   **BY MAIL:** as follows:  I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Encino, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

19

Executed this day, **APRIL 25, 2018**, in Encino, California.

20

21

[X]   **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22

23

.[ ]   **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

24

25

310-0011

Lenny Janner, Esq

26

27

28